UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01886-KAS

BARBARA SPENCER and CRAIG SPECER

    Plaintiffs,

v.

ALCHEMY CONCERT SYSTEMS, INC.

    Defendant.

---

**DEFENDANT'S MOTION FOR AWARD OF COSTS AND FEES
PURSUANT TO FED. R. CIV. P. 41(d)**

---

Pursuant to Fed. R. Civ. P. 41(d), Defendant Alchemy Concert Systems, Inc. ("Alchemy"), by and through counsel, moves this Court to enter an award in its favor and against Plaintiffs Barbaraa and Craig Spencer (together, the "Spencers" or "Plaintiffs"), awarding Alchemy the costs and attorney fees it incurred in defending against the previously filed action and staying this action until such award is paid in full and, in support, states as follows:

**Certification of Compliance with D.C.COLO.LCivR 7.1(a):** Counsel for Alchemy conferred with counsel for Plaintiffs regarding the relief sought in this Motion and states that Plaintiffs do not contest the award of costs pursuant to Fed. R. Civ. P. 41(d) but oppose the requested relief with respect to attorney fees.

## LEGAL STANDARD

Fed. R. Civ. P. 41(d) provides:

> **Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

*See* Fed. R. Civ. P. 41(d). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Kulikowski v. Polis*, No. 20-CV-03152-RM-NYW, 2021 WL 4226141, at *3 (D. Colo. Jan. 21, 2021) (citations omitted).

This Court, the Tenth Circuit, and the majority of the circuit courts of appeal have interpreted Rule 41(d) to provide for attorney fees as well as costs incurred in a previously dismissed action on the same claims. *Id.* The decision whether to impose costs and attorney fees is within the sound discretion of the trial court. *Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000).

> To establish an entitlement to costs and fees, a defendant must demonstrate: (1) the plaintiff previously dismissed a prior lawsuit; (2) the plaintiff commenced a second suit based upon or including same claim(s) against defendant, and (3) whether the defendant incurred costs and attorneys' fees in the previous action that are not useful in the second-filed lawsuit. "Although no showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), the plaintiff's motion in dismissing the prior action may be taken into account."

*Kulikowski v. Polis*, No. 20-CV-03152-RM-NYW, 2021 WL 4226141, at *3 (D. Colo. Jan. 21, 2021) (internal citations omitted).

On or about March 2, 2023, Martin D. Singer, Esq., counsel for the Spencers, sent Alchemy a draft of a Complaint on behalf of the Spencers alleging claims against Alchemy for breach of contract and negligence, as here. Mr. Singer threatened to file the Complaint against Alchemy barring prompt resolution. *See* attached Declaration of Cara Thornton, Esq. ("Thornton Decl."), ¶ 2.

On March 8, 2023, undersigned counsel spoke with Mr. Singer by telephone regarding the draft Complaint and the allegations therein. *See* Thornton Decl., ¶ 3. Of note, with respect to jurisdiction, undersigned counsel advised that, based on the facts of the case, including those alleged in the draft Complaint, the courts in California did not have jurisdiction over Alchemy. *Id.* at ¶ 4. As such, undersigned counsel advised Mr. Singer that, should the Spencers proceed to sue Alchemy in California, it would seek to dismiss the action for lack of jurisdiction and would seek to recover its fees and costs in doing so. *Id.* at ¶ 5. Mr. Singer responded: "well, we can sue Alchemy in Colorado." *Id.* at ¶ 6. Undersigned counsel agreed that there would be jurisdiction over Alchemy in Colorado should the Spencers sue Alchemy here. *Id.* at ¶ 7.

Undersigned counsel reiterated Alchemy's position by email to Mr. Singer on March 25, 2023:

> … as I have stated, I am wholly unaware of any basis on which a California court would have jurisdiction over Alchemy. Alchemy is a Colorado company which performed services in Colorado and which was paid in Colorado. **Should your clients elect to pursue claims against**

3

> **Alchemy in California we will seek to dismiss and will seek to recover all costs and fees incurred in such dismissal as permitted by statute or other applicable law.**

*See* Email from Cara Thornton, Esq. to Martin Singer, Esq., attached to the Thornton Decl. as **Exhibit 1** (emphasis added).

Nonetheless, on April 17, 2023, the Spencers commenced an action by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, Central District, a copy of which is attached as **Exhibit 2**, alleging claims against Alchemy for breach of contract and negligence (the "California Action"). The Spencers purported to serve Alchemy in the California Action on or about May 25, 2023.

Undersigned counsel proceeded to assist Alchemy in finding local counsel in California, which it necessarily had to do to defend the California Action. *See* Thornton Decl., ¶ 9. As the Spencers' attorney had been advised, on June 26, 2023, through California counsel, Alchemy filed a Notice of Motion and Motion to Quash Service of Summons alleging defects in service and lack of jurisdiction, a true and correct copy of which is attached as **Exhibit 3.**

**Element 1: Plaintiffs Previously Dismissed a Prior Lawsuit.**

On July 11, 2023, the Spencers filed a Request for Dismissal as to Alchemy, a copy of which is attached as **Exhibit 4**.

**Element 2: Plaintiffs Commenced a Second Suit Alleging the Same Claims.**

On July 25, 2023, the Spencers commenced the instant action by filing a Complaint and Jury Demand alleging claims against Alchemy for (1) breach of contract; (2) unjust enrichment; and (3) negligence. *See* Doc. No. 1; *compare,* **Ex. 2**.

**Element 3: Alchemy Incurred Costs and Attorney Fees In the Previous Action That Are Not Useful In the Instant Action.**

Alchemy incurred $483.70 in costs and $12,890.00 in attorney fees in defending the California Action including filing the Motion to Quash. True and correct copies of the costs and attorney fees incurred by Alchemy in retaining California counsel are attached to the Declaration of John Czechowicz ("Czechowicz Decl.") as **Exhibit 5**. Alchemy has paid these amounts in full. *Id.* at ¶ 7.

These fees and costs were specifically related to the issue of jurisdiction that undersigned counsel raised with the Spencers' attorney, Mr. Singer, in early March 2023, before the California Action was commenced. Because the work for which the costs and attorney fees incurred by Alchemy in the California Action pertain to jurisdictional issues specific to California, they are not useful in the instant action.

At this time, Alchemy is not seeking to recover the costs and attorney fees incurred by undersigned counsel prior to the filing of the Complaint in California.

Alchemy will supplement its costs and attorney fees with additional underlying documentation and affidavits of California counsel as may be necessary to establish the reasonableness and necessity of the costs and attorney fees incurred. However, because the Spencers have indicated an intention to challenge the *right* to such fees under Fed. R. Civ. P. 41(d), Alchemy requests that the reasonableness and necessity of such fees be addressed following a determination of the right to those fees, to avoid prematurely incurring additional costs and attorney fees.

**Plaintiffs Acted in Bad Faith.**

As set forth above, counsel for Alchemy repeatedly advised the Spencers' attorney that Alchemy would seek to dismiss any action filed against it in California for lack of jurisdiction and would seek to recover the costs and fees incurred in any such action. *See* Thornton Decl., ¶ 10. Even so, the Spencers elected to proceed to sue Alchemy in the California Action, intentionally causing Alchemy to defend itself out of state despite knowing the California courts did not have jurisdiction. *See* **Ex. 2**. Only after Alchemy filed its Motion to Quash did the Spencers finally dismiss their claims against Alchemy in the California Action and proceed to assert such claims here. *See* **Ex. 4**. The Spencers acted in bad faith in filing claims against in Alchemy in California knowing that the courts there do not have jurisdiction over Alchemy or such claims. As such, this additional factor should be considered in exercising discretion with respect to the award of costs and attorney fees to Alchemy pursuant to Fed. R. Civ. P. 41(d).

WHEREFORE, Defendant Alchemy Concert Systems, Inc. respectfully requests this Court enter judgment in its favor, dismissing the Amended Complaint with prejudice, and award Alchemy its costs and attorney fees incurred in the California Action, the costs and attorney fees incurred in pursuing this motion, and such other and further relief as this Court deems just and proper.

DATED this 22nd day of August, 2023.

Respectfully submitted,

FORTIS LAW PARTNERS LLC

*s/ Cara Thornton*
Cara Thornton, Atty. Reg. #34141

Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
Phone: (303) 295-9700
Fax: (303) 295-9701
cthornton@fortislawpartners.com
*Attorney for Defendant*

7

## CERTIFICATE OF SERVICE

  I hereby certify that on August 22, 2023, I electronically filed the foregoing **DEFENDANT'S MOTION FOR AWARD OF COSTS AND FEES PURSUANT TO FED. R. CIV. P. 41(d)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher D. Bryan
Macklin Henderson
GARFIELD & HECHT, P.C.
625 East Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
cbryan@garfieldhecht.com
mhenderson@garfieldhecht.com
*Attorneys for Plaintiffs*

              *s/ Katie Witt*_____
              Katie Witt
              FORTIS LAW PARTNERS LLC