UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01886-GPG-KAS

BARBARA SPENCER and CRAIG SPENCER

      Plaintiffs,

v.

ALCHEMY CONCERT SYSTEMS, LLC

      Defendant.

## DEFENDANT ALCHEMY CONCERT SYSTEMS, LLC'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Alchemy Concert Systems, LLC ("Alchemy" or "Defendant"), by and through counsel, moves to dismiss the Amended Complaint and Jury Demand [ECF No. 8] filed by Plaintiffs Barbara and Craig Spencer (together, the "Spencers" or "Plaintiffs") and, in support, states as follows:

**Certification of Conferral Pursuant to GPG Civ. Practice Standard 7.1B(b)**

Undersigned counsel conferred with counsel for Plaintiffs regarding the relief sought in this Motion and states that Plaintiffs oppose the requested relief.

**INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

The Spencers are the parents of Arielle Spencer ("Arielle") who, on March 26, 2022, married Caleb Hodge ("Caleb") in a wedding on the Sundeck in Aspen, Colorado, for which the Spencers claim to have paid Mindy Weiss Party Consultants, Inc. ("MWPC"), "who is known as one of the top wedding and event planners in the world for

… the world's most notable couples and celebrities" over $2,000,000.00 to plan the wedding. *See* ECF No. 8, ¶¶ 6-8.

In addition to Alchemy, the Spencers have also sued MWPC, its owner Mindy Weiss, and West Coast Music in an action pending in Los Angeles, California. *See* Complaint, a copy of which is attached as **Exhibit A**.

The Spencers seek more than $2,000,000.00 in damages against Alchemy for "the horrific wedding nightmare" that was Arielle and Caleb's wedding, asserting claims against Alchemy for (i) breach of contract; (ii) unjust enrichment; and (iii) negligence. *See* ECF No. 8. The Spencers claim that the band's show file was incompatible with the equipment provided by Alchemy, causing the system to shut down. *Id.* at ¶ 16 ("[A]s soon as JB Project's show file was plugged into the equipment supplied by Defendant, the entire system shut down…."); *id.* at ¶ 29 ("[T]he band's repertoire was also severely limited as a result of the band's show file either being corrupt or not being compatible with the equipment furnished by Defendant.").

As set forth below, Alchemy did not owe the Spencers a duty contractually or otherwise, and the Spencers' claims fail as a matter of law.

## ARGUMENT

**A. Legal Standard.**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Spencers must plead facts establishing facially plausible claims for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plausibility means that the complaint sets forth facts which allow "the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Id.* at 570. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotations omitted). On a motion to dismiss, the Court may consider materials attached to the complaint or incorporated by reference and may take judicial notice of relevant court filings. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

**B. The Spencers Cannot State a Claim for Relief for Breach of Contract Against Alchemy as Third-Party Beneficiaries or Otherwise.[1]**

The Spencers claim that they are third-party beneficiaries of an alleged oral agreement between Alchemy and MWPC. *See* ECF No. 8, ¶ 14 (Alleging, on information and belief, "that in approximately March 2022, just a few weeks before the wedding, MWPC entered into an oral agreement with Defendant for the provision of audio equipment and services, including musical instruments, a PA system, monitors, mixing consoles, microphones, etc. for JB Project…."). The Spencers allege that Alchemy breached this alleged oral agreement with MWPC "by failing to provide working equipment among other things" without further specification. ECF No. 8, ¶ 35; *but see, id.* at ¶ 16 ("[A]s soon as JB Project's show file was plugged into the equipment

---

[1] Alchemy assumes for the purpose of this Motion and as pleaded by the Spencers that the Alchemy Invoices constitute an agreement with MWPC.

3

supplied by Defendant, the entire system shut down…."); *id.* at ¶ 29 ("[T]he band's repertoire was also severely limited as a result of the band's show file either being corrupt or not being compatible with the equipment furnished by Defendant.").

Alchemy's agreement with MWPC is set forth in the Quote attached as **Exhibit B**, and the Invoice attached as **Exhibit C** which are collectively referred to in this Motion as the "Alchemy Invoice." The Spencers do not and cannot claim that they had an agreement with Alchemy.

"[A] person not a party to an express contract may bring an action on such contract if the parties to the agreement intended to benefit the non-party, provided that the benefit claim is a direct and not merely an incidental benefit of the contract." *Jefferson County School Dist. No. R-1 v. Shorey*, 826 P.2d 830 at 843 (Colo. 1992) (quoting *E.B. Roberts Construction Co. v. Concrete Contractors, Inc.,* 704 P.2d 859, 865 (Colo.1985)). However, the intent to benefit the third party must be "apparent from the terms of the agreement, the surrounding circumstances, or both." *Id.* (*quoting id.* at 865). Where, as here, the benefit conferred was an unintended incidental advantage of the contract, then the party to whom such benefit was conferred is not a third-party beneficiary. *Parrish Chiropractic Ctrs. P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1056 (Colo. 1994) (citing E.B. Roberts, *supra*).

Here, the Spencers contracted with MWPC to plan Arielle and Caleb's wedding. ECF No. 8, ¶ 7; *accord* **Ex. A**. MWPC subsequently enlisted Alchemy to provide equipment. *Id.* at ¶ 14; *accord id.* As indicated on the Alchemy Invoice, MWPC was Alchemy's client or customer; the Spencers were not. *See* **Exs. B-C**. The terms of the

4

Alchemy Invoice do not make it clear that MWPC and Alchemy intended Barbara and Craig Spencer to be third-party beneficiaries of Alchemy's provision of equipment at MWPC's request and there is no specific intention to create a specific benefit for the Spencers evidence from the Alchemy Invoice. Alchemy's provision of equipment was at the request of and for the benefit of MWPC. Any benefit to the Spencers was incidental at best.

Alchemy's agreement to provide equipment at MWPC's request as set forth in the Alchemy Invoice did not involve or otherwise concern the Spencers or others who might ultimately listen to the music to be played via any equipment provided, nor was Alchemy privy to whether a third party might ultimately pay MWPC for its wedding planning services, or how much it was being paid, and payment to Alchemy was not contingent upon payment to MWPC by any third party. The Spencers plead no facts to the contrary, merely claiming they "are third-party beneficiaries of the Alchemy Agreement and have a right to enforce its terms." ECF No. 8, ¶ 34. But they are wrong.

Any benefit to the Spencers (as the parents of the bride who claim to have paid MWPC more than $2,000,000.00 to plan their daughter's wedding) arising from the provision of equipment by Alchemy as it agreed with MWPC was incidental. Thus, while the Spencers may have a claim directly against MWPC for breach of contract, relating to the alleged failure of equipment they do not have standing to assert a breach of contract claim against Alchemy as purported third-party beneficiaries of MWPC's agreement with Alchemy.

The Spencers are not third-party beneficiaries of any actual or alleged agreement between MWPC and Alchemy and their claim for breach of contract on that basis fails as a matter of law.

### C. The Spencers Cannot State a Claim for Relief Against Alchemy for Negligence.

#### 1. Alchemy Did Not Owe the Spencers a Duty.

The Spencers' claim for negligence similarly fails. To succeed on their claim for negligence against Alchemy, Barbara Spencer and Craig Spencer must *each* prove that Alchemy owed each of them, individually, a duty; that it breached that duty; that they were *each* injured; and that the breach of the duty was the proximate cause of their respective injuries. *Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231 (D. Colo. 2018).

The threshold question in any negligence action is whether the defendant owed a legal duty to protect the plaintiff against injury. *Id.* Whether a defendant owes a plaintiff a duty to act or refrain from acting to avoid injury is a question of law to be determined by the court. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992) (citations omitted). "A negligence claim must fail if based on circumstances for which the law imposes no duty of care upon the defendant for the benefit of the plaintiff." *Univ. of Denver v. Whitlock*, 744 P.2d 54, 56 (Colo. 1987).

In determining whether a duty exists, courts consider such factors as "the risk involved, the foreseeability of the injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden on the actor." *Keller v. Koca*, 111 P.3d 445, 448

6

(Colo. 2005), *as modified on denial of reh'g* (May 16, 2005) (citations omitted); *accord Casebolt*, 829 P.2d at 356. "No single factor controls, and the question of whether a duty should be imposed in a particular case is essentially one of fairness under contemporary standards—whether reasonable persons would recognize a duty and agree that it exists." *Casebolt*, 829 P.2d at 356 (citations omitted).

Here, Alchemy agreed to provide certain equipment to MWPC at its request and as set forth in the Alchemy Invoice. Notwithstanding the fact that any negligence claim is barred by the economic loss rule, as set forth below, it is neither reasonable nor foreseeable that Alchemy would owe a duty of care to the Spencers, with whom it has no relationship, to ensure that that the quality of the sound provided lived up to the unspecified and subjective expectations of the Spencers and the guests at their daughter's wedding reception. Alchemy did not owe the Spencers a duty of care any more than it owed the guests at the wedding a duty of care. Alchemy's obligations were to its client, MWPC, not the Spencers. The Spencers were the clients of MWPC.

In any event, the Spencers concede that the alleged issues arose from the band's showfile, not Alchemy's equipment and thus any claimed damages were not proximately caused by Alchemy. ECF No. 8, ¶ 16 ("[A]s soon as JB Project's show file was plugged into the equipment supplied by Defendant, the entire system shut down."); *id.* at ¶ 29. ("[T]he band's repertoire was also severely limited as a result of the band's show file either being corrupt or not being compatible with the equipment furnished by Defendant."). As such, even if Alchemy owed the Spencers a duty of care (it did not), any alleged injury was caused by the band, *not* Alchemy.

7

### 2. Any Negligence Claim is Barred by the Economic Loss Rule.

Notwithstanding the fact that Alchemy did not owe the Spencers a duty of care, the Spencers' negligence claim is also barred by the economic loss rule. *Stewart Software Co., LLC v. Kopcho*, 275 P.3d 702 (Colo. App. 2010), *rev'd on other grounds*, 266 P.3d 1085 (Colo. 2011) (applying economic loss rule to oral contract). Under the economic loss rule, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Construction, Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). In determining whether a duty exists independent of a contract, the Court considers: (1) whether the relief sought in tort is the same as the contractual relief; (2) whether there is a recognized common law duty of care in tort; and (3) whether the tort duty differs in any way from the contractual duty. *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 74 (Colo. 2004). If the duty of care owed is apparent from the parties' agreement "it follows that the plaintiff has not shown any duty independent of the interrelated contracts and the economic loss rule bars the tort claim and holds the parties to the contracts' terms." *Id.*

Notwithstanding the fact that the Spencers are not third-party beneficiaries of any agreement between MWPC and Alchemy, their negligence claim is barred by that agreement and by their own contract with MWPC. As set forth in the Alchemy Invoice, Alchemy was to provide certain equipment for the use of its client, MWPC. *See* **Exs. B-C**. Any duties surrounding the provision of such equipment are encompassed by that agreement and the Spencers' negligence claim is barred as a matter of law.

### D. The Spencers Cannot State a Claim for Relief for Unjust Enrichment.

As an alternative to their claim for third-party beneficiary breach of contract, the Spencers assert a claim for unjust enrichment, claiming that Alchemy received a benefit at the Spencers' expense, claiming that the Spencers paid MWPC $2,000,000.00 and MWPC paid Alchemy, and that Alchemy would be unjustly enriched by retaining such payments despite the alleged equipment failure. [ECF No. 8, ¶ 38].

To recover on their claim for unjust enrichment, the Spencers must show that (1) at their expense; (2) Alchemy received a benefit; (3) under circumstances making it unjust for Alchemy to retain the benefit without paying for it. *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008). "[A] party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003).

MWPC paid Alchemy pursuant to the Alchemy Invoice; the Spencers did not. *See* ECF No. 8, ¶ 15. The Spencers paid MWPC more than $2,000,000.00 for Arielle's wedding.[2] *Id.* at ¶ 8. To the extent that the Spencers have any issues with MWPC's

---

[2] The Spencers' claimed damages exemplify that their claims are properly asserted against MWPC, *not* Alchemy. As set forth in the Alchemy Invoice, MWPC paid Alchemy a total of $7,085.00 with respect to the audio equipment provided at the wedding reception, which is at issue in this case. *See* **Ex. B**, p. 9 ("West Coast – JB Project"). Yet, they claim more than $2,000,000.00 in damages against Alchemy, with whom they had no contract, and by whom they were owed no duty of care.

planning and execution of their daughter's wedding, including with respect to the equipment provided by Alchemy, the Spencers must pursue (and have pursued) such claims directly against MWPC. *See* **Ex. A**. The Spencers did not provide a benefit to Alchemy; they provided a benefit to MWPC pursuant to their contract with it. As such, the Spencers' unjust enrichment claim fails as a matter of law.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant Alchemy Concert Systems, LLC respectfully requests that this Court dismiss the claims asserted against it by Plaintiffs Barbara and Craig Spencer with prejudice, and award Alchemy the costs and attorney fees it has incurred in defending this action as permitted by statute or other applicable law.

DATED this 16th day of October, 2023.

Respectfully submitted,

FORTIS LAW PARTNERS LLC

*s/ Cara Thornton*
Cara Thornton, Atty. Reg. #34141
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
Phone: (303) 295-9700
Fax: (303) 295-9701
cthornton@fortislawpartners.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2023, I electronically filed the foregoing **DEFENDANT ALCHEMY CONCERT SYSTEMS, LLC'S MOTION TO DISMISS** the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Macklin Henderson
Christopher D. Bryan
GARFIELD & HECHT, P.C.
625 East Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
cbryan@garfieldhecht.com
mhenderson@garfieldhecht.com
*Attorneys for Plaintiffs*

                                s/*Katie Witt*
                                Katie Witt
                                FORTIS LAW PARTNERS LLC